UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TYNAYA P., | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 2067 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| ANDREW SAUL, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Tynaya P. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration ("SSA's") decision denying her application for benefits. For the reasons set forth below, the Court reverses the SSA's decision.

**Background**

Plaintiff filed an application for disability benefits on August 27, 2015, alleging a disability onset date of May 28, 2010. (R. 68.) Plaintiff's application was denied initially on and on reconsideration. (R. 77, 90.) An Administrative Law Judge ("ALJ") held a hearing on plaintiff's application on November 16, 2017. (*See* R. 29-67.) On March 6, 2018, the ALJ denied plaintiff's application. (*See* R. 17-23.) The Appeals Council denied plaintiff's request for review (R. 1-3), leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the SSA to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from her alleged onset date to June 30, 2017, her date last insured ("DLI"). (R. 19.) At step two, the ALJ determined that, through the DLI, plaintiff had the severe impairments of degenerative disc disease at the cervical and lumbar spine, mild bilateral carpal tunnel syndrome, and mild bilateral ulnar groove mononeuropathy. (R. 19.) At step three, the ALJ found that, through the DLI, plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (R. 20.) At step four, the ALJ found that, through the DLI, plaintiff had the RFC to perform her past relevant work as a customer service representative, and thus she was not disabled. (R. 20, 22-23.)

Plaintiff contends that the ALJ improperly relied on flawed testimony from the vocational expert ("VE"). Specifically, plaintiff argues that the VE relied on the wrong code from the Dictionary of Occupational Titles ("DOT") when he said plaintiff could perform her past relevant work ("PRW"). The VE correctly said plaintiff's PRW was as a customer service representative, but recited the DOT code for customer complaint clerk. (*See* R. 62); *see also* DOT 239.362-014 & 241.367-014, *available at* https://occupationalinfo.org/23/239362014.html & https://occupationalinfo.org/24/241367014.html (last visited Oct. 29, 2019). The difference is significant, plaintiff says, because the former job requires frequent fingering, which plaintiff cannot do, while the latter job requires only occasional fingering. (Pl.'s Br., ECF 10 at 8.)

There are several problems with this argument. First, it is not clear that plaintiff's PRW, as she described it, more closely matches the job of customer service representative than customer complaint clerk. (*Compare* R. 35 (plaintiff's testimony about the duties of her PRW), *with* DOT 239.362-014 & 241.367-014.) Second, neither of the DOT codes for these jobs sets forth a fingering requirement. Third, because any conflict between the VE's testimony and the DOT was

3

not obvious, plaintiff waived her objection to the testimony by failing to raise it during the hearing. *See Givens v. Colvin*, 551 F. App'x 855, 863 (7th Cir. 2013) ("If a vocational expert's testimony appears to conflict with the [DOT], SSR 00-4p requires an ALJ to obtain a reasonable explanation for the apparent conflict. But since Givens did not object at the hearing, he would have to show that the conflict was obvious enough that the ALJ should have picked up on it without any assistance.") (quotations and citations omitted); *Barrett v. Barnhart*, 355 F.3d 1065, 1067 (7th Cir. 2004) ("[B]ecause Barrett's lawyer did not question the basis for the vocational expert's testimony, purely conclusional though that testimony was, any objection to it is forfeited."). In short, the ALJ's reliance on the VE's testimony was not error, and any error was waived.[1]

Plaintiff also contends that the ALJ's subjective symptom evaluation, and the RFC based on it, are faulty because they do not credit and account for plaintiff's "significant restrictions in the use of her hands and fingers" or "her need to either lie down or sit in a recliner for a good portion of each day." (Pl.'s Br., ECF 10 at 8.) The ALJ found that plaintiff's allegations of tingling and numbness in her hands were supported by the medical evidence and were accounted for in the RFC by limiting plaintiff to occasional handling and fingering, *i.e.*, for up to one-third of a workday. (R. 22); *see* SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983) (defining occasionally to mean "occurring from very little up to one-third of the time"). But she concluded that greater restrictions for plaintiff's hands were not required because "[p]hysical examinations show[ed] full muscle strength at the upper extremities, normal grip strength and no motor or sensory deficits." (R. 22.) The record, which contains only sporadic complaints of hand/arm pain or tingling, supports the ALJ's conclusion. (*See* R. 413, 446, 535, 585-86.)

---

[1] Our conclusion that no error occurred would be the same even if the argument had not been waived.

4

However, the record does not support the ALJ's rejection of plaintiff's testimony that, because of her back pain, she spends large portions of each day lying down or in a recliner. To support this decision, the ALJ cited to "normal" musculoskeletal findings from exams that actually documented back pain or were for health issues unrelated to plaintiff's back. (*See* R. 22 (citing R. 483, 486-87, 576-77, 580, 627-28, 631).) Moreover, the ALJ ignored evidence that suggests plaintiff has intractable back pain, despite years of treatment. (*See, e.g.*, R. 323, 327, 348, 366-87, 398-99, 440-57.) In short, the ALJ's rejection of plaintiff's allegation that she must be supine for much of the day is not supported by substantial evidence. Because that error may have changed the outcome of this case (*see* R. 64 (VE testimony that plaintiff's PRW cannot be performed supine)), it must remanded.

As a final note, the Court is a bit perplexed about the government's decision to provide gross statistics as to the administrative review outcomes for social security cases. (Def.'s Br., ECF 16 at 2.) This invited plaintiff's response on the same issue, with plaintiff focusing on the particular ALJ involved in this case. (Pl.'s Reply, ECF 17 at 1, 2.) What exactly is the point of the government's submitted statistics? Like plaintiff, the Court presumes the point to be that since most appeals that are reviewed by the ALJ result in a benefits award to the applicant, the ALJ's decision in this particular case to deny benefits is more likely correct.

Even if this statistical argument had some semblance of logical support (which the Court doubts based on the nature of statistics when applied to non-similar, non-random events), the notion that a court should even consider the information is a bit offensive to the role of judicial review. The vast majority of criminal defendants who are charged in federal court, eventually are convicted of at least one crime. Does this suggest that courts should shade their opinions a bit, knowing the defendant is likely guilty? Similarly, most search warrant applications that are

5

presented to federal judges are granted. Should judges read the search warrant applications with less than a neutral mind because most of the warrant applications are granted? These notions should offend everyone reading this opinion because our judicial system does not work based on statistical likelihood, but rather based on due process, which requires a neutral review of the issues presented, not a review that leans one way or another because statistics show a certain outcome is more likely. This Court respectfully suggests that the government drop general statistics from these types of briefs, and instead focus on the facts and law as they apply to the case before the Court.

## Conclusion

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [9], denies defendant's motion for summary judgment [15], reverses the SSA's decision, and pursuant to the fourth sentence of 42 U.S.C. § 405(g) remands this case to the SSA for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**     **ENTERED:** November 4, 2019

**M. David Weisman**
**United States Magistrate Judge**